IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| DAVID CARRIZALES AND ROGELIA STABOLITO § § *Plaintiffs,* § § V. § GUADALUPE "LUPE" TREVIÑO, § SHERIFF OF HIDALGO COUNTY, TEXAS, § HIDALGO COUNTY, TEXAS, JONATHAN § CHRISTOPHER TREVINO, GERARDO § MENDOZA DURAN, MARTIN GARZA, § CHIEF OF POLICE, MISSION, TEXAS, § CITY OF MISSION, TEXAS, and other § unknown persons § § *Defendants.* § | CIVIL ACTION NO. 7:14-CV-438 JURY DEMAND |

### PLAINTIFFS' MOTION TO RECONSIDER AND VACATE ORDER GRANTING CITY DEFENDANTS' MOTION TO DISMISS

On February 19, 2015, at 4:07 p.m., Plaintiffs filed their Motion for Leave to file Plaintiffs' First Amended Petition with their First Amended Petition attached thereto. (Dkt. No. 35). Subsequently, on February 19, 2015, at 4:17 p.m., the Court entered an Order Granting City Defendants' Motion to Dismiss pursuant to FRCP 12(c) without having an opportunity to review and consider the facts alleged in Plaintiff's First Amended Petition. (Dkt. No. 36).

### I.
### Standard of Review

Plaintiffs move for the Court to vacate its Order Granting City Defendants' Motion to Dismiss pursuant to FRCP 59(e) and FRCP 15(a). A Rule 59(e) motion must be granted if the Court finds that there is new evidence available or to prevent "manifest injustice." *National Trust v. Department of State,* 834 F. Supp. 453, 455 (D.D.C. 1993). However, as in the case at hand,

where the plaintiff files a motion for reconsideration and requests leave to amend following a dismissal…, "the considerations for [the] Rule 59(e) motion are governed by Federal Rule of Civil Procedure 15(a). *United States ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. Tex. 2014).

Pursuant to FRCP 15(a), "leave to amend a complaint shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (U.S. 1962). "It is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as undue delay, bad faith or dilatory motive … repeated failure to cure deficiencies by [previous] amendments … [or] futility of amendment." *Id*. The Court's discretion is considerably less under FRCP 15(a) because Rule 15(a) evinces a bias in favor of granting leave to amend. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. Tex. 2003). As the Fifth Circuit in *Rosenweig* reasoned,

> [w]here judgment has been entered on the pleadings, a holding that the trial court should have permitted amendment necessarily implies that judgment on the pleadings was inappropriate and that therefore the motion to vacate should have been granted. Thus the disposition of a plaintiff's motion to vacate under Fed. R. Civ. P. 59(e) should be governed by the same considerations controlling the exercise of discretion under Fed. R. Civ. P. 15(a).

## II.
## Discussion

All of the deficiencies in Plaintiffs' pleadings cited by the Court in its Order Granting City Defendants' Motion to Dismiss are remedied in the Petition attached to their Motion for Leave to File Amended Pleadings; which was filed prior to the Court's Order Granting City Defendants' Motion to Dismiss.

### A. Plaintiffs Have Identified the Requisite Policymaker

In Plaintiffs First Amended Petition, the Plaintiffs identified the requisite policymaker as Chief Martin Garza, stating as follows:

(i) At all times mentioned herein, Defendant MARTIN GARZA was duly appointed and legally employed as the Chief of Police for the City of Mission, Texas. Chief Garza was charged with the responsibility of planning, directing and controlling all of the activities of the City of Mission Police Department and the officers under its employ. Chief Garza was also responsible for establishing policy for the City of Mission Police Department and ensuring compliance by its officers to the same. (Dkt. 35, ¶ 32).

(ii) The City of Mission, Texas delegated policy making authority to the Chief of Police, Martin Garza. (Dkt. 35, ¶ 41).

(iii) The "Panama Unit" was a narcotics task force comprised of officers of the City of Mission, Texas and the Hidalgo County Sheriff's Department. The unit was organized for the purpose of combating drug trafficking in the City of Mission and other areas of Hidalgo County. The unit was under the supervision of the Sheriff of Hidalgo County, Lupe Trevino and the Chief of Police for the City of Mission, Texas, Martin Garza. (Dkt. 35, ¶ 12).

### B. Plaintiffs Have Identified a Policy of the City of Mission that Lead to the Constitutional Violations at Issue

In Plaintiffs First Amended Petition, the Plaintiffs identified a municipal policy that lead to the Constitutional violations at issue. As noted in Paragraphs 12 through 14, the Panama Unit and other employees and officers of the City of Mission Police Department engaged in a conspiracy to possess and distribute narcotics. In furtherance of this conspiracy, the Unit and other officers working in concert with them, engaged in a practice and custom of conducting warrantless searches of homes, vehicles and businesses in search of drugs, money and/or other illegal prizes; all for personal gain. The illegal activities and constitutional violations practiced by the members of the Panama Unit and other officers of the City of Mission, Texas was well known and pervasive. (Dkt. 35, ¶ 12-14). The members of the Unit, who were employed by the City of Mission Police Department, and other Mission police officers working with them were under the direct supervision of Chief of Police Martin Garza. (Dkt. 35, ¶ 12).

Plaintiffs further allege that prior to the incident the subject of this suit, Chief Martin Garza had knowledge of the illegal activities being practiced by officers of the City of Mission Police

Department, but failed to intervene and curtail said illegal activities and constitutional violations. (Dkt. 35, ¶ 14). As a result of Chief Garzas' failure to intervene, the illegal and corrupt activities and constitutional violations practiced by the Panama Unit and other officers working with them became the accepted course of business and/or policy of the City of Mission. *Id. See also* (Dkt. 35, ¶ 35, A-I).

Additionally, Plaintiffs allege that as a result of Chief Garza's failure to intervene, Chief Garza sanctioned, encouraged, and ratified the violations of Plaintiffs' rights. (Dkt. 35, ¶ 20). Plaintiffs continue that Chief Garza had ample opportunity to intervene, and could have prevented the harm to Plaintiffs and many others, however he affirmatively and intentionally chose to pursue a course of subjective and objective deliberate indifference towards and directly supported the violations perpetrated by the Panama Unit and other officers working in concert with them. *Id.*

Finally, Plaintiffs have amended their pleadings to cure the deficiency in solely attributing the incident in question and pattern of abuse to the Panama Unit. In Plaintiffs' First Amended Petition, Plaintiffs attribute the incident in question and pattern of abuse to Johnathan Trevino, a member and leader of the Panama Unit, and other officers of the Mission Police Department, including Alexis Espinoza and Fabian Rodriguez. (Dkt. 35, ¶ 10, 13).

### III.
Plaintiffs hereby request on oral hearing on this matter pursuant to LR7.5.

### IV.
### Conclusion

Plaintiffs have pleaded sufficient facts in their First Amended Petition to overcome City Defendants' Motion to Dismiss. Moreover, there is no sufficient reason to deny Plaintiff's Motion for Leave to Amend its Pleadings pursuant to FRCP 15(a). Furthermore, granting Plaintiffs' Motion to Vacate is necessary in order to prevent a "manifest injustice" pursuant to FRCP 59(e).

Respectfully submitted,

**FLORES & TORRES, L.L.P.**

By: \_\_/s/\_David L. Flores\_
David L. Flores
State Bar No. 24040909
So. Dist. Id. 5041
118 East Cano Street
Edinburg, Texas 78539
Telephone: (956) 287-9191
Facsimile: (956) 287-9190

Eduardo A. Torres
State Bar No. 24051438
So. Dist. Id. 665023

Attorneys for Plaintiffs

## CERTIFICATE OF CONFERENCE

I hereby certify that on **February 20, 2015**, the undersigned conferred with counsel for Defendants, City of Mission, Texas and Martin Garza, Former Chief of Police, Mission, Texas and Counsel for Defendants, Guadalupe "Lupe" Trevino, Sheriff of Hidalgo County, Texas, Hidalgo County, Texas, regarding the filing of this Motion. Mr. Preston Henrichson and Mrs. Leeds oppose the same.

By: /s/David L. Flores

## CERTIFICATE OF SERVICE

This is to certify that on February 20, 2015, a true and correct copy of the above and foregoing document was forwarded via e-mail through Electronic Case Filing System, to all counsel of record:

Via Electronic Notice
Mr. Preston Henrichson
Law Offices of Preston Henrichson, P.C.
222 W. Cano
Edinburg, Texas 78539
*Co-Defendants' Counsel*

Via Electronic Notice
Eileen M. Leeds
*Attorney-in-Charge*
Jose Casso
*Of Counsel*
GUERRA, LEEDS, SABO & HERNANDEZ, P.L.L.C.
1534 E. 6th Street, Suite 200
Brownsville, Texas 78520
Phone: (956) 541-1846
Fax: (956) 541-1893
Email: cvigil@guerraleeds.com

By: /s/
David L. Flores

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| DAVID CARRIZALES AND ROGELIA STABOLITO | § § | |
| *Plaintiffs,* | § § | CIVIL ACTION NO. 7:14-CV-438 |
| V. | § § | JURY DEMAND |
| GUADALUPE "LUPE" TREVIÑO, SHERIFF OF HIDALGO COUNTY, TEXAS, HIDALGO COUNTY, TEXAS, JONATHAN CHRISTOPHER TREVINO, GERARDO MENDOZA DURAN, MARTIN GARZA, CHIEF OF POLICE, MISSION, TEXAS, CITY OF MISSION, TEXAS, and other unknown persons | § § § § § § § § § | |
| *Defendants.* | § | |

## ORDER GRANTING PLAINTIFFS' MOTION TO RECONSIDER AND VACATE ORDER GRANTING CITY DEFENANTS' MOTION TO DISMISS

Upon consideration of the Plaintiffs' Motion to Reconsider and Vacate Order Granting City Defendants' Motion to Dismiss, The Court Hereby ORDERS that the Motion be GRANTED.

SO ORDERED this _____ day of _____, 2015, McAllen, Texas.

_____
Randy Crane
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| DAVID CARRIZALES AND ROGELIA STABOLITO | § § | |
| *Plaintiffs,* | § | CIVIL ACTION NO. 7:14-CV-438 |
| | § | JURY DEMAND |
| V. | § | |
| GUADALUPE "LUPE" TREVIÑO, SHERIFF OF HIDALGO COUNTY, TEXAS, HIDALGO COUNTY, TEXAS, JONATHAN CHRISTOPHER TREVINO, GERARDO MENDOZA DURAN, MARTIN GARZA, CHIEF OF POLICE, MISSION, TEXAS, CITY OF MISSION, TEXAS, and other unknown persons | § § § § § § § § § | |
| *Defendants.* | § | |

## ORDER SETTING ORAL HEARING

Upon consideration of the Plaintiffs' Motion to Reconsider and Vacate Order Granting City Defendants' Motion to Dismiss, The Court Hereby ORDERS that the Motion be set for Oral Hearing on _____, 2015.

SO ORDERED this _____ day of _____, 2015, McAllen, Texas.

_____
Randy Crane
United States District Judge